## HENRY MAHLER, Plaintiff in Error, *v.* PHINEAS HOLDEN, Defendant in Error.

### ERROR TO WILL.

Where estray animals are taken up and appraised, etc., in conformity to law, if the owner claims them, he is liable for the costs incurred, as well as for the expense of keeping the animals.

THIS suit was brought before A. Herbert, a justice of the peace of Will county, March 16, 1855, to recover for the taking up, advertising and keeping certain stray colts of defendant. Demand, $95. Plaintiff obtained judgment for $33.25, and costs, from which defendant appealed to Will County Circuit Court. The cause was tried at December term, 1855, before RANDALL, Judge, and a jury. The plaintiff proved the following facts:

That some time in the latter part of October, 1854, two colts of the defendant got into the inclosure of the plaintiff (who resides and is a freeholder in the town of Rich, Cook county, Illinois); that plaintiff turned them out and drove them away; that they returned, and got in again the next day, and that then, after making inquiries among the neighbors, and ascertaining that they did not belong in his neighborhood, took up said colts as estrays, and fed, and watched, and took proper care of them until about the 12th of January, 1855. That written notices were seen posted up in three of the most public places in said town of Rich, describing said colts, and stating that they were on the premises of plaintiff, and said notices were signed by plaintiff; that said notices were observed by witnesses at a number of different times during the first half of the month of November, 1854. That on or about the 18th day of November, 1854, said plaintiff obtained three freeholders of said town of Rich to come and look at said colts, who then went before Charles Sauter, who was then the nearest acting justice of the peace in said Cook county, and were by him duly sworn as appraisers, and they appraised said colts, one at $40 and the other at $50. That said plaintiff paid said appraisers fifty cents each for their service, and deposited with the said Sauter some $3.50 or $4 in money, out of which to pay his fees, and the balance for him to send to the county clerk of said Cook county, with the transcript of the proceedings before said Sauter. The worth of the keeping of said colts was proven to be three shillings each per day. And that said defendant sued out of the Cook County Court of Common Pleas a writ of replevin for said colts, against said plaintiff, and that the sheriff of Cook county, on or about the 12th day of January, 1855, by virtue of said writ, took

said colts from the possession of the said plaintiff and delivered them to the said defendant.

Defendant below then proved the making of a demand for the colts when in possession of the plaintiff, and his refusal to deliver up until he had been paid for keeping, etc.

Jury returned a verdict for the defendant below. A motion for a new trial was overruled by the court.

GOODSPEED & BARTLESON, for Plaintiff in Error.

J. McROBERTS, for Defendant in Error.

CATON, C. J. This action was brought to recover the costs of taking up and advertising, and the value of the keeping of two estray colts. The evidence shows, that after the colts had been regularly taken up, appraised, and notice given, by the plaintiff, the defendant, who claimed to own the colts, replevied them, and refused to pay the costs and value of keeping; and the court instructed that he was not liable. In this the court erred. The statute authorized the plaintiff to proceed as he did, and expressly confers upon him the right to be reimbursed before the owner shall be entitled to take the property. The legislature has the undoubted right to provide for the protection and care of estray property, and impose the obligation upon the owner to pay the expense thereof. But the question here is not whether the owner would be liable, in case he chose to abandon the property rather than pay the charges. The owner replevied the property from the possession of the plaintiff, and he was under both a moral and a legal obligation to pay the expense of taking up, advertising, and for keeping.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*